*To Congressman Nugent*

*I will be summiting this*

To The United States District Courts          2/10/2012    *To the courts on*

Middle District of Florida          *Monday.*

Tampa Division          *8:12-CV-323-T-35AEP*

Petition to prosecute law Firm of Shapiro and Fishman which will be Defendants In case of fraud malpractice, conspiracy to commit fraud and equity skimming In case number 2008-ca-000689 filed in The Fifth District Courts Hernando County Florida. Charges have already been filed with the Florida

Bar case number 2012-50-409-(17 I) Defendants Legal Council case number 5421- 18633

Defendants Legal Council Richman and Greer have already responded to the Florida Bar and our case was once again confirmed to be a true Statement of Fact proving our original case. Florida Bar continues to try and cover this all up. We are requesting that a hearing in this case be set to be heard in the Proper Judicial District. Which in fact their Plaintiffs where federally Regulated By the O.C.C The United States Treasury and The Federal Trade Commission.  Therefore we now Petition the United States District Courts

Middle District of Florida Tampa Division to bring these Defendants to Justice and have then tried in a legal and proper Jurisdiction. Do to the fact their Plaintiffs in this original case where in fact Federally Regulated either by The OC, The United States treasury or The Federal Trade Commission.  We will also summit all docs to the courts once our case is accepted. Possible witnesses for Plaintiffs.

Dale Bennington, Congressman Nugent of the fifth district attorney General state of Florida

And others.

Sincerely,  *Dale E. Bennington*

Dale Bennington

3195 Montague Ave

Spring Hill Fl.34608

1 352 340 5852 cell 1 352 410 2672.

DIANA RECEVEUR
Notary Public - State of Florida
My Comm. Expires Jul 19, 2015
Commission # EE 114087

IN THE CIRCUIT COURT OF THE 5th JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR HERNANDO COUNTY

| | |
|---|---|
| U .S. Bank National Association, as Trustee for Terwin Mortgage Trust 2005-16HE, Asset-Backed Certificates, Series 2005-16HE | |
| Plaintiff, | Case #: 2008-CA-000689<br>Division #: |
| -vs.- | |
| Chandra C. Bennington; Madeline S.F. Bennington; Dale E. Bennington; Mortgage Electronic Registration Systems, Inc. as nominee for Lenders Direct Capital Corporation; Ralph T. Gilligan; Mary Flood; John Flood; GE Money Bank F/K/A Monogram Credit Card Bank of Georgia; AAAH, Yes, Inc. as Trustee of the Bennington Trust Dated June 5, 2006; Charles J. Collova | NO:<br>**NOTICE OF HEARING** |
| Defendant(s). | |

TO:

CHANDRA C. BENNINGTON, 2352 COVINGTON AVE, SPRING HILL, FL 34608

MADELINE S.F. BENNINGTON, 2352 COVINGTON AVENUE, SPRING HILL, FL 34608

DALE E. BENNINGTON, 2352 COVINGTON AVE, SPRING HILL, FL 34608

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LENDERS DIRECT CAPITAL CORPORATION, C/O CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324

RALPH T. GILLIGAN, 391 JENICO CT, SPRING HILL, FL 34609

MARY FLOOD, 45 ELKVIEW DR, FOREST CITY, PA 19421

JOHN FLOOD, 45 ELKVIEW DR, FOREST CITY, PA 19421

GE MONEY BANK F/K/A MONOGRAM CREDIT CARD BANK OF GEORGIA, C/O PRESIDENT/VICE PRESIDENT/CHAIRMAN, 4246 SOUTH RIVERBOAT ROAD, SUITE 300, SALT LAKE CITY, UT 84123

OCCUPANT(S), 2352 COVINGTON AVENUE, SPRING HILL, FL 34608

RALPH GILLIGAN, 1 GICKAWAY, SARATOGA SPRINGS, NY 12866

AAAH, YES, INC. AS TRUSTEE OF THE BENNINGTON TRUST DATED JUNE 5, 2006, C/O CHARLES J. COLLOVA, R.A., 4127 WEST CYPRESS STREET, TAMPA, FL 33607

CHARLES J. COLLOVA, 5006 EAST LONGBOAT BOULEVARD, TAMPA, FL 33615

### PLEASE TAKE NOTICE THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR ATTORNEY'S FEES

shall be called up for hearing before the Honorable Curtis J. Neal, Judge of the above-styled

Court, in the HERNANDO COURTHOUSE, 20 NORTH MAIN STREET, HEARING ROOM

310, BROOKSVILLE, FL 34601, at the hour of 2:00 PM, on June 11, 2009, or soon thereafter as

counsel may be heard.

IF YOU ARE A PERSON WITH A DISABILITY WHO NEEDS ANY ACCOMMODATION IN ORDER TO PARTICIPATE IN THIS PROCEEDING, YOU ARE ENTITLED, AT NO COST TO YOU, TO THE PROVISION OF CERTAIN ASSISTANCE. PLEASE CONTACT HERNANDO COUNTY COURTHOUSE, 20 NORTH MAIN STREET, BROOKSVILLE, FL 34601 WITHIN 2 WORKING DAYS OF YOUR RECEIPT OF THIS NOTICE OF HEARING: IF YOU ARE HEARING IMPAIRED CALL: 1-800-955-8771; IF YOU ARE VOICE IMPAIRED CALL: 1-800-955-8770
**PLEASE NOTE ATTORNEY FOR PLAINTIFF WILL APPEAR VIA TELEPHONE**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Hearing

was mailed on ___15___ day of ___May_____, 2009 to the above named addressee(s).

By: _____
Farzad M. Milani
FL Bar # 59327
SHAPIRO & FISHMAN, LLP
Attorneys for Plaintiff
10004 N. Dale Mabry Highway, Suite 112
Tampa, FL 33618
Telephone: (813) 880-8888
Fax: (813) 880-8800

08-092790
This is an attempt to collect a debt and any information obtained will be used for that purpose.

IN THE CIRCUIT OF THE 5th JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR HERNANDO COUNTY

| | |
|---|---|
| U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2005-16HE, Asset-Backed Certificates, Series 2005-16HE, <br><br> Plaintiff, <br><br> -vs.- <br><br> Chandra C. Bennington; Madeline S.F. Bennington; Dale E. Bennington; Mortgage Electronic Registration Systems, Inc. as nominee for Lenders Direct Capital Corporation; Ralph T. Gilligan; Mary Flood; John Flood; GE Money Bank F/K/A Monogram Credit Card Bank of Georgia; AAAH, Yes, Inc. as Trustee of the Bennington Trust Dated June 5, 2006; Charles J. Collova <br><br> Defendant(s). | Case #: 2008-CA-000689 <br> Division #: <br><br> UNC: |

## MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2005-16HE, Asset-Backed Certificates, Series 2005-16HE, pursuant to Fla.R.Civ.P. 1.510, and moves this Court for the entry of a Summary Judgment of Foreclosure, and in support thereof would state as follows:

1.     There is no genuine issue of material fact and the Plaintiff is entitled to the entry of a Summary Judgment of Foreclosure as a matter of law.

2.     That under Florida Law when a mortgage contains an acceleration clause, upon breach of a mortgagor's covenant to make the required payments, a mortgagee may sue to foreclose the mortgage before the due date. Treb Trading Company v. Green, 102 Fla. 238, 135 So. 510, (1931).

3.     That one purpose of a foreclosure is to subject the security to the payment of the

obligation involved. Bobby Jones Garden Apartments v. Connecticut Mutual Life Insurance,

202 So. 2d. 226 (Fla. 2d D.C.A. 1967).

4.     That the institution of a foreclosure suit is the exercise of a mortgagee's option to

declare the remaining principal sum and interest due there on. Kreiss Potassium Phosphate Co. v.

Night, 98 Fla. 1004, 124 So. 751 (1929).

5.     That a mortgagee has a right to accelerate upon default in conditions of the

security agreement, such as payment of interest, installments of principal, taxes and insurance.

Clark v. Lachenmeier, 237 So. 2d 583 (Fla. 2d D.C.A. 1970).

6.     That an acceleration clause in an installment note and mortgage confers a contract

right on the note and mortgage holder which holder may elect to invoke upon default and to seek

enforcement, thereof. Federal Home Loan Mortgage Corp. v. Taylor, 318 So. 2d 203 (Fla. 1st

D.C.A. 1975).

7.     The Mortgage of the Plaintiff is a lien superior in dignity to any prior or

subsequent right, title, claim lien or interests arising out of mortgagor or the mortgagor's

predecessors in interest. Sarmiento v. Stockton, Whatley, Davin & Company, 399 So. 2d 1057 (3

D.C.A. 1081).

8.     The rights of other bona fide lenders or purchasers will not be prejudiced by

Plaintiff's reformation attempts, if such relief is needed. Nall v. Raybon, 451 So. 2d 923 (Fla. 1st

DCA 1984); W.W. Burleson v.Brogdon, 364 So. 2d 491(Fla. 1st DCA 1978), where mistake is a

ground for reformation when the mistake is mutual. Hardaway Timber Co. v. R.B. Hansford,

245 So. 2d 911 (Fla. 1st DCA 1971), Alexander v. Kirkham, 365 So. 2d 1038 (Fla. 3d DCA

1978).

9.    Attached hereto and made a part hereof are affidavits in connection with this motion.

WHEREFORE, the Plaintiff moves this Court for the entry of Summary Judgment of Foreclosure.

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a true and correct copy of the foregoing Motion for Summary Judgment and all attached affidavits were mailed to the following on _15_ day of _May_ , 2009 to wit:

CHANDRA C. BENNINGTON, 2352 COVINGTON AVE, SPRING HILL, FL 34608

MADELINE S.F. BENNINGTON, 2352 COVINGTON AVENUE, SPRING HILL, FL 34608

DALE E. BENNINGTON, 2352 COVINGTON AVE, SPRING HILL, FL 34608

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LENDERS DIRECT CAPITAL CORPORATION, C/O CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324

RALPH T. GILLIGAN, 391 JENICO CT, SPRING HILL, FL 34609

MARY FLOOD, 45 ELKVIEW DR, FOREST CITY, PA 19421

JOHN FLOOD, 45 ELKVIEW DR, FOREST CITY, PA 19421

GE MONEY BANK F/K/A MONOGRAM CREDIT CARD BANK OF GEORGIA, C/O PRESIDENT/VICE PRESIDENT/CHAIRMAN, 4246 SOUTH RIVERBOAT ROAD, SUITE 300, SALT LAKE CITY, UT 84123

OCCUPANT(S), 2352 COVINGTON AVENUE, SPRING HILL, FL 34608

RALPH GILLIGAN, 1 GICKAWAY, SARATOGA SPRINGS, NY 12866

AAAH, YES, INC. AS TRUSTEE OF THE BENNINGTON TRUST DATED JUNE 5, 2006, C/O CHARLES J. COLLOVA, R.A., 4127 WEST CYPRESS STREET, TAMPA, FL 33607

CHARLES J. COLLOVA, 5006 EAST LONGBOAT BOULEVARD, TAMPA, FL 33615

By: _____
Farzad M. Milani
FL Bar # 59327

SHAPIRO & FISHMAN, LLP
Attorneys for Plaintiff
10004 N. Dale Mabry Highway, Suite 112
Tampa, FL 33618
Telephone: (813) 880-8888
Fax: (813) 880-8800

08-092790
This is an attempt to collect a debt and any information obtained will be used for that purpose.

IN THE CIRCUIT OF THE 5th JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR HERNANDO COUNTY

| | |
|---|---|
| U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2005-16HE, Asset-Backed Certificates, Series 2005-16HE, | |
| Plaintiff, | Case #: 2008-CA-000689<br>Division #: |
| -vs.- | UNC: |
| Chandra C. Bennington; Madeline S.F. Bennington; Dale E. Bennington; Mortgage Electronic Registration Systems, Inc. as nominee for Lenders Direct Capital Corporation; Ralph T. Gilligan; Mary Flood; John Flood; GE Money Bank F/K/A Monogram Credit Card Bank of Georgia; AAAH, Yes, Inc. as Trustee of the Bennington Trust Dated June 5, 2006; Charles J. Collova | |
| Defendant(s). | |

## AFFIDAVIT OF PLAINTIFF'S COUNSEL

STATE OF FLORIDA          :
                                              : SS.
COUNTY OF HILLSBOROUGH   :

ON THIS DAY personally appeared Affiant, who was sworn and states as follows:

He/She did not create any specific timekeeping records reflecting the amount of time spent on this individual file. He/She reviewed the documents pertaining to this matter including, but not limited to, the preparation of correspondence and pleadings, and oversaw the litigation of this matter. When possible, he/she utilized the services of paralegals and document clerks to complete this action. Based upon his/her knowledge

IN THE CIRCUIT OF THE 5th JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR HERNANDO COUNTY

| | |
|---|---|
| U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2005-16HE, Asset-Backed Certificates, Series 2005-16HE,<br><br>　　　　　　Plaintiff,<br><br>-vs.-<br><br>Chandra C. Bennington; Madeline S.F. Bennington; Dale E. Bennington; Mortgage Electronic Registration Systems, Inc. as nominee for Lenders Direct Capital Corporation; Ralph T. Gilligan; Mary Flood; John Flood; GE Money Bank F/K/A Monogram Credit Card Bank of Georgia; AAAH, Yes, Inc. as Trustee of the Bennington Trust Dated June 5, 2006; Charles J. Collova<br><br>　　　　　　Defendant(s). | Case #: 2008-CA-000689<br>Division #:<br><br>UNC: |

**AFFIDAVIT OF COSTS**

STATE OF FLORIDA　　　　　:
　　　　　　　　　　　　　　: SS.
COUNTY OF HILLSBOROUGH　:

　　　　BEFORE ME, the undersigned notary public, this date appeared Affiant, being

personally known to me and having taken an oath, deposes and says:

　　　　1.　　　That the Affiant is a practicing attorney of the law firm of SHAPIRO &

FISHMAN, LLP, licensed to practice in Florida and is the attorney for the Plaintiff, U.S.

Bank National Association, as Trustee for Terwin Mortgage Trust 2005-16HE, Asset-

Backed Certificates, Series 2005-16HE, in this cause.

Heidi E. Brewer
October 25, 2011
Page No. 2

there is absolutely no basis whatsoever that Shapiro & Fishman or Ms. Tefft violated the equity skimming statute. From what can be gleaned from Mr. Bennington's submission to the Bar, there is no support whatsoever for this patently false allegation. As a result, the entire Bar Complaint should be dismissed.

<u>U.S. Bank was the Proper Plaintiff</u>

At the time of filing the complaint, U.S. Bank was the equitable owner of the note and mortgage which gave U.S. Bank standing to sue. Although not required to establish standing to file suit, an assignment of mortgage instrument assigned the mortgage from Mortgage Electronic Registration Systems, Inc., as Nominee for Lenders Direct Capital Corporation, to U.S. Bank National Association, as Trustee for Terwin Mortgage Trust. Therefore, U.S. Bank was the proper plaintiff in the foreclosure action.

Mr. Bennington filed a motion to dismiss during the foreclosure action in which he argued that "the plaintiff in this case in fact did not own the instrument called Assignment of Mortgage." Likewise, Mr. Bennington filed a response to Shapiro & Fishman's motion to amend the complaint in which he argued that "the original complaint [was] improperly filed and null and voided (sic)" because "Shapiro & Fishman have purchased said note from U.S. Bank National as Trustee for Terwin Mortgage." In both instances, the trial judge ruled against Mr. Bennington and agreed with the position of Shapiro & Fishman.[1] Accordingly, this Bar Complaint should be dismissed as it clearly has no basis in fact or law.

<u>No Evidence of Equity Skimming</u>

Equity skimming is defined by Fla. Stat. § 697.08 as follows:

(1) It is unlawful for any person, with intent to defraud the owner of real property, to engage in equity skimming, which is, to:
    a. Purchase, within a 3-year period, two or more single-family dwellings …that are subject to a loan that is in default at the time of purchase or within 1 year after the time of purchase, which loan is secured by a mortgage or deed of trust; and
    b. Fail to make payments under the mortgage or deed of trust as the payments become due, regardless of whether the purchaser is obligated on the loan; and
    c. Apply, or authorize the application of, rents from such dwellings for the person's own use.

---

[1] An Order Denying Motion to Dismiss and an Order to Amend Complaint is enclosed herein for your reference.

RICHMAN GREER, P.A.

Miami • West Palm Beach

TO:        Heidi E. Brewer
           Bar Counsel
           651 East Jefferson Street
           Tallahassee, FL 32399

IN RESPONSE TO:      Case#2012-50698(171)
DEFENSE:             Legal Counsel for Law Firm of Shapiro and Fishman, Grasford W. Smith
                     File#5421 1835
PLAINTIFFS:          Dale Bennington, Madeline Bennington, Chandra Bennington

In response to the false allegation as to no mediation hearing wherever scheduled in this foreclosure action of the subject property at 2352 Covington Avenue, Spring Hill, FL 34608.

There were in fact three telephone mediation hearings held in the fifth judicial circuit court in Hernando County. The honorable Judge Neil, unknown bailiff, and Dale Bennington personally appeared at the first hearing. Legal counsel nor their legal lender (Plaintiff) was never present. At which time during the first hearing, Attorney Jillian Tefft was on a speaker phone. The 2nd appearance by the Defendants (Dale Bennington) once again appeared, at which time Attorney Milani was on a speaker phone pleading this case to the mediator, The Honorable Judge Neil.

At the third mediation hearing in the presence of the Honorable Judge Neil, the bailiff, and Dale Bennington (Defendant), at which time the Honorable Judge Neil once again asked a mediation or asked the cause was adjourned to legal counsel, The Law Firm of Shapiro and Fishman. At no time were the defendants ever sworn in to give any testimony under oath nor was legal counsel ever sworn in to plead their case. For the defense counsel who now represents the Law Firm of Shapiro and Fishman, to his response based on failure to appear because there was never any mediation hearing in this case is merely another avenue of the charges to come on this count of the investigation with the Florida Bar by Dale Bennington, Madeline Bennington, Chandra Bennington, and others (now Plaintiffs).

As for Defense's legal counsel, Grasford W. Smith, under his second response as to who witnessed any aspects of the foreclosure action filed by Shapiro and Fishman, no, they did not witness any of the foreclosure process, the same as legal counsel, Grasford W. Smith. Those that we have listed as witness were in fact contacted by Dale Bennington to assist into the investigation of the Plaintiffs who are federally regulated either by the OCC or the Federal Trade Commission that the Law Firm of Shapiro and Fishman for filing fraudulent robo-signed documents in our local judicial Courts. In fact, the legal counsel of Shapiro and Fishman and federal prosecution in our judicial courts, the same cause will cause him, not being a federal judicial judge, neither party had any legal authority to either prosecute or legally grant nor deny their federally regulated plaintiffs anything.

In Response To, Defense's statement on behalf of Ms. Tefft and their Plaintiff, US Bank National, who in fact is a federally regulated national bank and Dale Bennington being denied by a trial judge. In fact, at no time was there a legal call to order that judge ever involved in this case. Plus, we had filed charges against this plaintiff with the proper overseers of this federally regulated Plaintiff, US Bank National on May 18, 2009, prior to legal counsel and the Honorable Judge Neil granting them their summary judgment. Through this entire case from start to finish, Dale Bennington continued contesting the fact that legal counsel and its fraudulent Plaintiffs were the legal lenders, therefore they could not legally collect this debt.

We filed the complaint against US Bank N/A and received their response which verified the fact that legal counsel at the Law Firm of Shapiro and Fishman had no legal rights to place them on any legal documents as a legal lender and Plaintiff. In their response, they are trustee under a pooling and servicing agreement. They have no individual loan information and are not involved in any of the foreclosure activities related to the note, mortgage, or foreclosure on the property.

In conclusion in this case, all that the Defense counsel for the Law Firm of Shapiro and Fishman has done is nothing more than hearsay from his clients, while the Florida Bar Association was previously sent this entire foreclosure case from Attorney Barbara Couture, another attorney with The Law Firm of Shapiro and Fishman of 26 years. This being said and in fact, The Florida Bar has already received all the supporting evidence to prove the allegation for Dale Bennington against the Law Firm of Shapiro and Fishman. The Defense's legal counsel at this time, Grasford W. Smith is doing nothing more than trying to delay this case from being heard in a proper court of law.

Therefore, the Plaintiffs now, Dale Bennington, Madeline Bennington, and Chandra Bennington, demand full restitution of all funds lost as compensation for creating a hardship, defamation of character, all court costs, attorney fees, and all original fees and losses incurred in the original foreclosure cases. The total cost is yet to be determined.

Cordially,


Dale Bennington, Plaintiff
Madeline Bennington, Plaintiff
Chandra Bennington, Plaintiff

Bar Complaint#2012-50-698 (171)
Defense Case# 5421-18635

DIANA RECEVEUR
Notary Public - State of Florida
My Comm. Expires Jul 19, 2015
Commission # EE 114087

1/24/2012



IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR HERNANDO COUNTY, FLORIDA.

CASE NO. H-27-CA-2008-689

U.S. Bank National Association, as Trustee for
Terwin Mortgage Trust 2005-16HE, Asset-
Backed Certificates, Series 2005-16HE.

      Plaintiff(s),

and

Chandra C. Bennington, et al.,

      Defendant(s).

_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE having come before the Court for review of the Defendants' Motion to Dismiss filed in this cause, and the Court having considered the Defendants' Motion and being otherwise fully advised, finds and declares as follows:

A.    That the issues raised by the Defendants are more appropriately raised in defenses.

WITH THESE FINDINGS, it is therefore

ORDERED AND ADJUDGED as follows:

1.    The Defendants' Motion to Dismiss is hereby denied.

2.    The Defendants shall have twenty (20) days from the date of this Order to file responsive pleadings to the Complaint.

DONE AND ORDERED in Chambers at Brooksville, Hernando County, Florida this ___2___ day of May, 2009.

_____
CURTIS J. NEAL
CIRCUIT JUDGE

MAY 2 2 2009

IN THE CIRCUIT OF THE 5th JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR HERNANDO COUNTY

| | |
|---|---|
| U .S. Bank National Association, as Trustee for Terwin Mortgage Trust 2005-16HE, Asset-Backed Certificates, Series 2005-16HE,<br><br>              Plaintiff,<br><br>-vs.-<br><br>Chandra C. Bennington; Madeline S.F. Bennington; Dale E. Bennington; Mortgage Electronic Registration Systems, Inc. as nominee for Lenders Direct Capital Corporation; Ralph T. Gilligan; Mary Flood; John Flood; GE Money Bank F/K/A Monogram Credit Card Bank of Georgia;<br><br>              Defendant(s). | Case #: 2008-CA-000689<br>Division #:<br><br>UNC: |

## MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2005-16HE, Asset-Backed Certificates, Series 2005-16HE, pursuant to Fla.R.Civ.P. 1.510, and moves this Court for the entry of a Summary Judgment of Foreclosure, and in support thereof would state as follows:

1.     There is no genuine issue of material fact and the Plaintiff is entitled to the entry of a Summary Judgment of Foreclosure as a matter of law.

2.     That under Florida Law when a mortgage contains an acceleration clause, upon breach of a mortgagor's covenant to make the required payments, a mortgagee may sue to foreclose the mortgage before the due date. Treb Trading Company v. Green, 102 Fla. 238, 135 So. 510, (1931).

3.     That one purpose of a foreclosure is to subject the security to the payment of the obligation involved. Bobby Jones Garden Apartments v. Connecticut Mutual Life Insurance, 202 So. 2d. 226 (Fla. 2d D.C.A. 1967).

4.    That the institution of a foreclosure suit is the exercise of a mortgagee's option to declare the remaining principal sum and interest due there on. <u>Kreiss Potassium Phosphate Co. v. Night</u>, 98 Fla. 1004, 124 So. 751 (1929).

5.    That a mortgagee has a right to accelerate upon default in conditions of the security agreement, such as payment of interest, installments of principal, taxes and insurance. <u>Clark v. Lachenmeier</u>, 237 So. 2d 583 (Fla. 2d D.C.A. 1970).

6.    That an acceleration clause in an installment note and mortgage confers a contract right on the note and mortgage holder which holder may elect to invoke upon default and to seek enforcement, thereof. <u>Federal Home Loan Mortgage Corp. v. Taylor</u>, 318 So. 2d 203 (Fla. 1st D.C.A. 1975).

7.    The mortgage of the plaintiff is a purchase money mortgage being a lien superior in dignity to any prior or subsequent right, title, claim, lien or interests arising out of mortgagor or the mortgagor's predecessors in interest. <u>Sarmiento v. Stockton, Whatley, Davin & Company</u>, 399 So. 2d 1057 (3 D.C.A. 1081).

8.    Attached hereto and made a part hereof are affidavits in connection with this motion.

WHEREFORE, the Plaintiff moves this Court for the entry of Summary Judgment of Foreclosure.

## <u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that a true and correct copy of the foregoing Motion for Summary Judgment and all supporting affidavits were mailed to the following on 31st day of August, 2008 to wit:

CHANDRA C. BENNINGTON, 2352 COVINGTON AVE, SPRING HILL, FL 34608

MADELINE S.F. BENNINGTON, 2352 COVINGTON AVE, SPRING HILL, FL 34608

DALE E. BENNINGTON, 2352 COVINGTON AVE, SPRING HILL, FL 34608

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR
LENDERS DIRECT CAPITAL CORPORATION, C/O C T CORPORATION SYSTEM, R.A.,
1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324

RALPH T. GILLIGAN, 391 JENICO CT, SPRING HILL, FL 34609

MARY FLOOD, 45 ELKVIEW DR, FOREST CITY, PA 19421

JOHN FLOOD, 45 ELKVIEW DR, FOREST CITY, PA 19421

GE MONEY BANK F/K/A MONOGRAM CREDIT CARD BANK OF GEORGIA, C/O
PRESIDENT/VICE PRESIDENT/CHAIRMAN, 4246 SOUTH RIVERBOAT ROAD, SUITE
200, SALT LAKE CITY, UT 84123

OCCUPANT(S), 2352 COVINGTON AVENUE, SPRING HILL, FL 34608

RALPH GILLIGAN, 1 GICKAWAY, SAVATOGA SPRINGS, NY 12866

By: _____
Jillian L. Tefft
FL Bar # 0045053

SHAPIRO & FISHMAN, LLP
Attorneys for Plaintiff
10004 N. Dale Mabry Highway, Suite 112
Tampa, FL  33618
Telephone: (813) 880-8888
Fax: (813) 880-8800

08-092790
This is an attempt to collect a debt and any information obtained will be used for that purpose.

IN THE CIRCUIT OF THE 5th JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR HERNANDO COUNTY

| | |
|---|---|
| U .S. Bank National Association, as Trustee for Terwin Mortgage Trust 2005-16HE, Asset-Backed Certificates, Series 2005-16HE, <br><br> Plaintiff, <br><br> -vs.- <br><br> Chandra C. Bennington; Madeline S.F. Bennington; Dale E. Bennington; Mortgage Electronic Registration Systems, Inc. as nominee for Lenders Direct Capital Corporation; Ralph T. Gilligan; Mary Flood; John Flood; GE Money Bank F/K/A Monogram Credit Card Bank of Georgia; <br><br> Defendant(s). | Case #: 2008-CA-000689 <br> Division #: <br><br> UNC: |

## AFFIDAVIT OF PLAINTIFF'S COUNSEL

ON THIS DAY personally appeared, Jillian L. Tefft, who was sworn and states as follows:

He/She did not create any specific timekeeping records reflecting the amount of time spent on this individual file. He/She reviewed the documents pertaining to this matter including, but not limited to, the preparation of correspondence and pleadings, and oversaw the litigation of this matter. When possible, he/she utilized the services of paralegals and document clerks to complete this action. Based upon his/her knowledge and experience, the services rendered included eight (8) hours and he/she believes it will take an additional (1) hour to complete this action. The undersigned and Plaintiff agree to a fixed attorney's fee of $1,200.00 and an hourly fee of $150.00 in the event the case

becomes contested.  The fee comports with the industry standard with the current market conditions.

By: _____
Jillian L. Tefft
FL Bar # 0045053

SHAPIRO & FISHMAN, LLP
Attorneys for Plaintiff
10004 N. Dale Mabry Highway, Suite 112
Tampa, FL  33618
Telephone: (813) 880-8888
Fax: (813) 880-8800

The following instrument was sworn to and subscribed before me this 31

day of _____, 2008, by Jillian L. Tefft who is personally known to me.

_____
Notary Public, State of Florida

My Commission Expires _____

S&F #08-092790

JENNIFER DAVIS
MY COMMISSION EXPIRES
November 21, 2009
#DD 492805
Bonded thru
Notary Public Underwriters
NOTARY PUBLIC, STATE OF FL

IN THE CIRCUIT OF THE 5th JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR HERNANDO COUNTY

U .S. Bank National Association, as Trustee for
Terwin Mortgage Trust 2005-16HE, Asset-
Backed Certificates, Series 2005-16HE,

               Plaintiff,

-vs.-

Chandra C. Bennington; Madeline S.F.
Bennington; Dale E. Bennington; Mortgage
Electronic Registration Systems, Inc. as
nominee for Lenders Direct Capital
Corporation; Ralph T. Gilligan; Mary Flood;
John Flood; GE Money Bank F/K/A
Monogram Credit Card Bank of Georgia;

               Defendant(s).

Case #: 2008-CA-000689
Division #:

UNC:

## AFFIDAVIT OF COSTS

STATE OF FLORIDA        :
                             : SS.
COUNTY OF HILLSBOROUGH  :

       BEFORE ME, the undersigned notary public, this date appeared Jillian L. Tefft,

being personally known to me and having taken an oath, deposes and says:

       1.      That the Affiant is a practicing attorney of the law firm of SHAPIRO &

FISHMAN, licensed to practice in Florida and is the attorney for the Plaintiff, U.S. Bank

National Association, as Trustee for Terwin Mortgage Trust 2005-16HE, Asset-Backed

Certificates, Series 2005-16HE, in this cause.

2.    That the Plaintiff has expended the following sums as costs in this action:

| | |
|---|---|
| Filing Fee | $281.00 |
| Title Report | $325.00 |
| Publication Service | $162.52 |
| Private Process Server | $1,640.10 |

TOTAL                              $2408.62

FURTHER AFFIANT SAYETH NAUGHT.

By: _____
Jillian L. Tefft
FL Bar # 0045053

SHAPIRO & FISHMAN, LLP
Attorneys for Plaintiff
10004 N. Dale Mabry Highway, Suite 112
Tampa, FL 33618
Telephone: (813) 880-8888
Fax: (813) 880-8800

Sworn to and subscribed before me this 31 day of _____, 2008.

The undersigned notary public specifies that affiant's signature is the signature being

notarized and that the affiant personally appeared before the notary public at the time of

notarization. Affiant personally known.

_____
Name of Notary:

08-092790

IN THE CIRCUIT OF THE 5th JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR HERNANDO COUNTY

U.S. Bank National Association, as Trustee for
Terwin Mortgage Trust 2005-16HE, Asset-
Backed Certificates, Series 2005-16HE,

Case #: 2008-CA-000689

               Plaintiff,

Division #:

-vs.-

NO:

Chandra C. Bennington; Madeline S.F.
Bennington; Dale E. Bennington; Mortgage
Electronic Registration Systems, Inc. as
nominee for Lenders Direct Capital
Corporation; Ralph T. Gilligan; Mary Flood;
John Flood; GE Money Bank F/K/A
Monogram Credit Card Bank of Georgia;
Unknown Parties in Possession #1; Unknown
Parties in Possession #2; If living, and all
Unknown Parties claiming by, through, under
and against the above named Defendant(s) who
are not known to be dead or alive, whether said
Unknown Parties may claim an interest as
Spouse, Heirs, Devisees, Grantees, or Other
Claimants

**AFFIDAVIT AS TO
ATTORNEY'S FEES**

               Defendant(s).

STATE OF FLORIDA:
             :SS.
COUNTY OF HILLSBOROUGH:

       BEFORE ME, the undersigned notary public, this date appeared <u>Jennifer A. Sesta, Esq.</u>,

being personally known to me and having taken an oath, deposes and says:

       1.      Your Affiant is a duly qualified and licensed attorney admitted to practice in the

Courts of Florida.

       2.      Your Affiant is familiar with the fees normally allowed by the Court to attorneys

representing Plaintiffs in suits to foreclose mortgages and for services thereon.



usbank.com

Corporate Trust Services
Rookery Building
209 South LaSalle Street, Suite 300
Chicago, IL 60604

June 9, 2009

*PROFF LEGAL COUNSIL USE
FRAUDGENLENT PLAINTIFFS IN
THIS CASE.*

Mr. Dale E. Bennington
2352 Covington Ave.
Spring Hill, FL 34608

RE: Transaction Id 5A04D0A2009- Mr. Dale Eugene Bennington, 2352 Covington Ave.,
Spring Hill, FL 34608

Dear Mr. Bennington:

This letter is in response to your complaint form dated May 18, 2009, to the Office of the
Comptroller of the Currency, regarding the foreclosure of your property.

A review of the information provided to U.S. Bank indicates that the mortgage on the
property identified above is held in a securitization trust for which U.S. Bank acts as
trustee under a pooling and servicing agreement. U.S. Bank is neither the mortgagor nor
the servicer of this mortgage. Specialized Loan Servicing ("SLS") is the mortgage loan
servicer for your loan and is an independent company, not affiliated with U.S. Bank.
Because we are not the servicer, but rather the trustee, we do not have any individual loan
information and are not involved in any of the activities related to the note, mortgage or
foreclosure on the property.

Upon receipt of your correspondence we immediately contacted SLS and requested their
cooperation in researching the issues raised and to respond to your correspondence. We
provided them with copies of your complaint. Based on our correspondence with SLS,
we understand that they are working with the law firm of Shapiro & Fishman to resolve
the matter. We encourage you to contact this firm directly in writing at Shapiro &
Fishman, 10004 North Dale Mabry Highway, Suite 112, Tampa, FL 33618, or by
telephone at 831-880-8888.

In closing, we regret the distress this matter has caused you. If there are further questions
or concerns regarding this matter, please contact me directly at (312) 325-8904.

Sincerely,     *3 7 2 7 4 9 6   9 9*

Melissa A. Rosal.
Vice President

cc: Office of the Comptroller of the Currency, Customer Assistance Group



# THE FLORIDA BAR

**651 EAST JEFFERSON STREET**
**TALLAHASSEE, FLORIDA 32399-2300**

JOHN F. HARKNESS, JR.
EXECUTIVE DIRECTOR

850/561-5600
WWW.FLORIDABAR.ORG

*FAILURE*
*BY DEFENCE COURSIL*
*FOR ATTORNEY MILANI*

January 20, 2012

*FAILURE TO*
*COMPLY ONCE*
*MORE*

Mr. Dale E. Bennington
3195 Montague Avenue
Spring Hill, FL 34608

Re:    Complaint by Dale E. Bennington against Farzad M Milani
       The Florida Bar File No. 2012-50,698 (17I)

Dear Mr. Bennington:

Enclosed you will find Mr. Grasford Washington Smith Jr.'s response to your complaint, which does not reflect a copy being mailed to you.

If you wish to file a rebuttal to the response, please do so in writing by **February 6, 2012**.

Sincerely,

Heidi E. Brewer, Bar Counsel
Attorney Consumer Assistance Program
ACAP Hotline 866-352-0707
Enclosure

cc:    Mr. Grasford Washington Smith Jr.



# THE FLORIDA BAR

**651 EAST JEFFERSON STREET**
**TALLAHASSEE, FL 32399-2300**

JOHN F. HARKNESS, JR.
EXECUTIVE DIRECTOR

850/561-5600
WWW.FLORIDABAR.ORG

January 31, 2012

Mr. Grasford Washington Smith Jr.
Richman Greer
250 S Australian Ave Ste 1504
West Palm Beach, FL 33401-5016

Re:   Complaint by Dale E. Bennington against Farzad M Milani
      The Florida Bar File No. 2012-50,698 (17I)

Dear Mr. Smith:

The above- referenced matter has been forwarded to The Florida Bar's Ft. Lauderdale Branch Office for consideration.  You may expect to hear from Bar Counsel (in that office) in the near future.

Sincerely,

Heidi E. Brewer, Bar Counsel
Attorney Consumer Assistance Program
ACAP Hotline 866-352-0707

cc:   Mr. Dale E. Bennington



# THE FLORIDA BAR

**651 EAST JEFFERSON STREET**
**TALLAHASSEE, FL 32399-2300**

JOHN F. HARKNESS, JR.
EXECUTIVE DIRECTOR

850/561-5600
WWW.FLORIDABAR.ORG

December 16, 2011

*ONCE AGAIN*
*FAILURE TO COMPLY BY DEFEDATS*

Mr. Farzad M Milani
Shapiro & Fishman LLP
10004 N Dale Mabry Hwy Ste 112
Tampa, FL 33618-4421

Re:    Complaint by Dale E. Bennington against Farzad M Milani
       The Florida Bar File No. 2012-50,698 (17I)

Dear Mr. Milani:

As of this date, I have not received a copy of your response to the above complaint.  Please be
advised that you are obligated to provide a written response pursuant to Rule 4-8.4(g).

If you do not respond by **December 27, 2011,** the matter may be forwarded to the grievance
committee for further investigation.

Sincerely,

Heidi E. Brewer, Bar Counsel
Attorney Consumer Assistance Program
ACAP Hotline 866-352-0707

cc:    Mr. Dale E. Bennington

TO:    Mrs. Sheila Tuma
       Florida Bar Council
       Fort Lauderdale Branch Office

This is in response to your letter dated February 8ᵗʰ, 2012 stating that both parties must respond to each other.  For your information, Defendant and now then Legal Counsel, Mr. Smith, clear back on November 21, 2011 along with Mrs. Heidi Brewer in Tallahassee, both have failed to comply with Rule 4-8.4(g).

Exhibit A (Dated November 21, 2011):  Heidi Brewer sent a letter directing Defendant, Mr. Farzad M. Milani to respond to complaint. If no response from Milani to either party, then plaintiffs contacted Mrs. Heidi Brewer. She openly told us to give them more time which we were very respectful and allowed after no response from Mr. Milani. We once again contacted Mrs. Heidi Brewer, she then sent Exhibit B dated December 16, 2011 to Mr. Milani, giving him until Dec. 27, 2011 to respond which in fact, he never responded to either party. He then retained now his legal counsel, Mr. Grasford Washington Smith Jr.

They themselves never complied with Mrs. Heidi Brewer's letter given to them and their client, The Law Firm of Shapiro and Fishman.   Not only has Mrs. Heidi Brewer and Legal Counsel for Defendant made them comply with Rule4-8.4(g), she once again allowed Defendants and their legal counsel more time. They never responded until January 13ᵗʰ, 2012. As per their response back dated to October 25,2011, this is another blatant attempt to discredit the complaints in this case.

Legal Counsel, Greer, themselves have committed fraud by placing a date of October 20, 2011 as to protect his clients. We, at this time, have abided by statute 4-8.4(g). It is time to close this case on behalf of Plaintiffs; Dale, Madeline, and Chandra Bennington, and give restitution in this case immediately.

Cordially,

Dale Bennington

Dale Bennington

CC: (by fax) Mr. Grasford Washington Smith Jr. (561-820-1608)



*FAILURE TO COMPLY*
*BY ATTORNEY*
*MILANI.*

# THE FLORIDA BAR

**651 EAST JEFFERSON STREET**
**TALLAHASSEE, FL 32399-2300**

JOHN F. HARKNESS, JR.
EXECUTIVE DIRECTOR

850/561-5600
WWW.FLORIDABAR.ORG

November 21, 2011

Mr. Farzad M Milani
Shapiro & Fishman LLP
10004 N Dale Mabry Hwy Ste 112
Tampa, FL 33618-4421

Re:    Complaint by Dale E. Bennington against Farzad M Milani
       The Florida Bar File No. 2012-50,698 (17I)

Dear Mr. Milani:

Enclosed is a copy of an inquiry/complaint and any supporting documents submitted by the above referenced complainant(s). Your response to this complaint is required under the provisions of Rule 4-8.4(g), Rules of Professional Conduct of the Rules Regulating The Florida Bar, and is due in our office by **December 5, 2011.** Responses should not exceed 25 pages and may refer to any additional documents or exhibits that are available on request. Failure to provide a written response to this complaint is in itself a violation of Rule 4-8.4(g). <u>Please note that any correspondence must be sent through the U.S. mail; we cannot accept faxed material.</u> **You are further requested to furnish the complainant with a complete copy of your written response, including any documents submitted therewith.**

Please note that pursuant to Rule 3-7.1(b), Rules of Discipline, any reports, correspondence, papers, recordings and/or transcripts of hearings received from either you or the complainant(s) shall become a part of the public record in this matter and thus accessible to the public upon a disposition of this file. It should be noted that The Florida Bar is required to acknowledge the status of proceedings during the pendency of an investigation, if a specific inquiry is made and the matter is deemed to be in the public domain. Pursuant to Rule 3-7.1(f), Rules of Discipline, you are further required to complete and return the enclosed Certificate of Disclosure form.

Finally, the filing of this complaint does not preclude communication between the attorney and the complainant(s). Please review the enclosed Notice for information on submitting your response.

Sincerely,

*Heidi E Brewer*

Heidi E. Brewer, Bar Counsel
Attorney Consumer Assistance Program
ACAP Hotline 866-352-0707
Enclosures (Certificate of Disclosure, Notice of Grievance Procedures, Copy of Complaint, Notice - Mailing Instructions)

cc:    Dale E. Bennington

# THE FLORIDA BAR

**651 EAST JEFFERSON STREET**
**TALLAHASSEE, FL 32399-2300**

JOHN F. HARKNESS, JR.
EXECUTIVE DIRECTOR

850/561-5600
WWW.FLORIDABAR.ORG

November 21, 2011

Mr. Dale E. Bennington
3195 Montague Avenue
Spring Hill, FL 34608

Re:    Farzad M Milani; The Florida Bar File No. 2012-50,698 (17I)

Dear Mr. Bennington:

Enclosed is a copy of our letter to Mr. Milani which requires a response to your complaint.

Once you receive Mr. Milani's response, you have 10 days to file a rebuttal if you so desire. If you decide to file a rebuttal, please send a copy to Mr. Milani. Rebuttals should not exceed 25 pages and may refer to any additional documents or exhibits that are available on request. Please address any and all correspondence to me. <u>Please note that any correspondence must be sent through the U.S. mail; we cannot accept faxed material.</u>

Please be advised that as an arm of the Supreme Court of Florida, The Florida Bar can investigate allegations of misconduct against attorneys, and where appropriate, request that the attorney be disciplined. The Florida Bar cannot render legal advice nor can The Florida Bar represent individuals or intervene on their behalf in any civil or criminal matter.

Please review the enclosed Notice on mailing instructions for information on submitting your rebuttal.

Sincerely,

Heidi E. Brewer, Bar Counsel
Attorney Consumer Assistance Program
ACAP Hotline 866-352-0707

Enclosures (Notice of Grievance Procedures, Copy of Letter to Mr. Milani; Notice - Mailing Instructions)

cc:    Mr. Farzad M Milani

*THIS IS THE SAME*
*TYPE DOCUMENT THAT*
*THE DADE COUNTY COURTS*
*CAUGHT THIS SAME LAW FIRM*
*FOR FRAUD*



2008040766
LORINDA  2581/1773
OFFICIAL RECORDS
BK: 2581  PG: 1773

LT1-2-2008040766-1

LT2-2581-1773-2

07/28/2008   3:57PM H Pages 2
Filed & Recorded In Official Records of
HERNANDO COUNTY CLERK OF COURT
KAREN NICOLAI

Prepared by and return to:
Shapiro & Fishman, LLP/Jillian L. Tefft
10004 N. Dale Mabry Highway, Suite 112
Tampa, FL 33618
08-092790



This area above this line is for the use of recording official

## ASSIGNMENT OF MORTGAGE

**Mortgage Electronic Registration Systems, Inc., as Nominee for Lenders Direct Capital Corporation, ("Assignor"),** C/O Shapiro & Fishman, LLP, 10004 N. Dale Mabry Highway, Suite 112, Tampa, FL 33618 , in consideration from **U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2005-16HE, Asset-Backed Certificates, Series 2005-16HE, ("Assignee"),** C/O Shapiro & Fishman, LLP, 10004 N. Dale Mabry Highway, Suite 112, Tampa, FL 33618, has granted, bargained, sold, assigned, transferred and set over, and by these presents does grant, bargain, sell, transfer and set over unto Assignee the following described Mortgage(s) recorded in the Public Records of Hernando County, State of Florida, together with the note of obligation described in said Mortgage(s), and the money due and to become, due thereon, with interest as therein provided.

Date of Mortgage: June 2, 2005
Mortgage Recording Date: July 11, 2005
Clerk's File Number: 2005-058714
Book Number: 2058
Page Number: 153

Legal Description:

LOT 8, BLOCK 1435, SPRING HILL, UNIT 21, AS PER PLAT THEREOF, RECORDED IN PLAT BOOK 9, PAGE 81-96, OF THE PUBLIC RECORDS OF HERNANDO COUNTY, FLORIDA.

Original Mortgagors: Chandra C. Bennington, A Single Woman, Madeline S.F Bennington and Dale E. Bennington, Wife and Husband

OFFICIAL RECORDS
BK: 2581  PG: 1774

This Assignment of Mortgage is made without recourse against Assignor.

IN WITNESS WHEREOF, Assignor has caused these presents to be executed this \\ day of March, 2008.

Mortgage Electronic Registration Systems, Inc., as Nominee for Lenders Direct Capital Corporation

By: _Cecelia Knox VP_                    By: _Alfonzo Careene - VP_

(CORPORATE SEAL)

STATE OF MN   ]
COUNTY OF Dakota ]SS.

I HEREBY CERTIFY, That on this day personally appeared before me, an officer duly authorized to administer oaths and take acknowledgements of the above referenced duly authorized signatories of Cecelia Knox _____ and Alfonzo Careene, who are personally known to me and did take an oath and who are to me well known to be the persons described herein and who executed the foregoing Assignment of Mortgage and duly acknowledged before me and executed the same for the purposes therein expressed as the act and deed of said corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, said County and State, this __\\__ day of March, 2008

*NOTARY PUBLIC
Name of Notary:
Commission NO.
My Commission Expires

Matthew Allan Boguszewski
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN. 31, 2011

(SEAL)

Principal Parties

Issuer: Terwin Mortgage Trust, Series TMTS 2005-16HE.

Depositor: Merrill Lynch Mortgage Investors, Inc., a Delaware corporation whose
address is 250 Vesey Street, 4 World Financial Center, 10th Floor, New York, New
York 10080 and whose telephone number is (212) 449-0357. See "The Depositor" in
the prospectus.

Seller: Terwin Advisors LLC, a Delaware limited liability company whose address
is 45 Rockefeller Plaza, Suite 420, New York, New York 10111 and whose telephone
number is (212) 218-5888. See "The Seller."

Servicer: Specialized Loan Servicing LLC, a Delaware limited liability company
whose address is 8742 Lucent Boulevard, Highlands Ranch, Colorado 80129 and
whose telephone number is (720) 241-7200. See "The Servicer."

Certificate Insurer: Financial Security Assurance Inc., a New York financial
guaranty insurance company, whose address is 31 West 52nd Street, New York, New
York 10019, and whose telephone number is (212) 826-0100. See "Description of
the Certificates--The Certificate Insurer."

Swap Counterparty: Bear Stearns Financial Products, a bankruptcy remote
derivatives product company, whose address is 383 Madison Avenue, New York, New
York 10179, and whose telephone number is (212) 272-4009. See "Description of
the Certificates--Swap Agreement."

Servicing Administrator, Securities Administrator and Backup Servicer: JPMorgan
Chase Bank, N.A., a national banking association organized under the laws of the
United States whose address is 4 New York Plaza, New York, New York 10004-2477
and whose telephone number is (212) 623-5600. See "The Servicing Administrator,"
"Servicing of the Mortgage Loans--The Securities Administrator" and "The Pooling
and Servicing Agreement--The Backup Servicer."

Trustee: U.S. Bank National Association, a national banking association whose
address is 209 S. LaSalle Street, Suite 300, Chicago, Illinois 60604 and whose
telephone number is (800) 934-6802. See "The Pooling and Servicing
Agreement--The Trustee."

http://www.sec.gov/Archives/edgar/data/809940/000089109205001989/e22622_424b5.txt

IN THE COUNTY COURT IN THE --- JUDICIAL CIRCUIT
IN AND FOR HERNANDO COUNTY, FLORIDA

CASE NUMBER:                    DIV:

CAPITAL ONE BANK,              *TASH*
a corporation,

            Plaintiff,

vs.

DALE E BENNINGTON,
            Defendant.
_____/

## SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE/MEDIATION

STATE OF FLORIDA - NOTICE TO PLAINTIFF AND DEFENDANT(S)

       DALE E BENNINGTON
       2352 COVINGTON AVE
       SPRING HILL FL 34608

      YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the *Hernando Co* in Courtroom # *C* , located at *20 N. Main St.* , on *5/12/09* at *1:30 pm*., for a PRETRIAL CONFERENCE.

**IMPORTANT - READ CAREFULLY.**
**THE CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE, BUT MAY BE MEDIATED AT THAT TIME.**
**DO NOT BRING WITNESSES. YOU MUST APPEAR IN PERSON OR BY ATTORNEY. WHOEVER APPEARS FOR A PARTY MUST HAVE FULL AUTHORITY TO SETTLE FOR ALL AMOUNTS FROM ZERO TO THE AMOUNT OF THE CLAIM WITHOUT FURTHER CONSULTATION. FAILURE TO COMPLY MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING COSTS, ATTORNEY FEES, ENTRY OF JUDGMENT, OR DISMISSAL.**
      The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE/MEDIATION. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.
      A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference/Mediation
      The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

### Mediation

      Mediation may take place during the time scheduled for the pretrial conference. Mediation is a process whereby an impartial and neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties, without prescribing what the resolution should be. It is an informal and nonadversarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement.

      In mediation, decision making rests with the parties. Negotiations in county court mediation are primarily conducted by the parties. Counsel for each party may participate. However, presence of counsel is not required. If a full agreement is not reached at mediation, the remaining issues of the case will be set for trial. Mediation communications are confidential and privileged except where disclosures are required or permitted by law.

COPY OF FRONT COVER OF THE BOOK
THAT UNCOVERS ALL THIS Massive ~ ~ Being COVERED
UP IN THE FORECLOSURES



# RICHMAN GREER
PROFESSIONAL ASSOCIATION

Reply to
WEST PALM BEACH OFFICE
Direct Dial: 561-803-3522
msmith@richmangreer.com

Gerald F. Richman 1,5
Alan G. Greer 1,5
John M. Brumbaugh 1
Bruce A. Christensen 2
Charles H. Johnson 3
Gary S. Betensky 5
Diane Wagner Katzen 6
Manuel A. Garcia-Linares 4
Mark A. Romance
John G. White, III
Lyle E. Shapiro
Michael J. Napoleone
Ronald P. Ponzoli, Jr.
John R. Whittles 5
Eric M. Sodhi
Leora B. Freire
Adam M. Myron
Ethan J. Wall
Joshua L. Spoont
Yolyvee Y. Rivera
Grasford W. Smith
Chad J. Gottlieb
Marta Stypulkowski

Steven Naclerio, Of Counsel
Manuel Farach, Of Counsel 5,7

Robert L. Floyd     (1918-2007)
Ray H. Pearson     (1922-2004)
Kenneth J. Weil     (1940-2010)

1  Certified in Civil Trial Law
   By The Florida Bar
2  Certified in Marital & Family Law
   By The Florida Bar
3  Certified in Wills, Trusts & Estates
   By The Florida Bar
4  Certified Public Accountant
   in Florida
5  Certified in Business Litigation
   By The Florida Bar
6  Florida Supreme Court
   Certified Civil Court Mediator
7  Certified in Real Estate



January 11, 2012

*Via Federal Express*

Heidi E. Brewer
Bar Counsel
651 East Jefferson St
Tallahassee, FL 32399

Subject:      Florida Bar File No.: 2012-50,698(17I)

Our File No:    5421-18635

Dear Ms. Brewer:

Please be advised that we represent Mr. Farzad Milani, Esq. of the law firm of Shapiro, Fishman and Gache, LLP ("Shapiro & Fishman" or the "law firm") in the above referenced matter. Shapiro & Fishman primarily represents banks and lenders in real estate foreclosure matters.

This Bar Action was instituted by Mr. Dale Bennington, a defendant in a mortgage foreclosure action instituted by Shapiro and Fishman on behalf of the plaintiff, U.S. Bank National Association ("U.S. Bank"). After more than a year of litigation in Hernando County, Florida, the property at issue was foreclosed upon and sold at auction on July 14, 2009.

Concerning this same foreclosed property, Mr. Bennington previously filed a Bar Action against Ms. Jillian Tefft, Esq. of Shapiro & Fishman raising many of the identical baseless allegations of wrongdoing as he now alleges against Mr. Milani. On October 25, 2011, Ms. Tefft filed her response to Mr. Bennington's Bar action and fully explained that: 1) the trial judge rejected Mr. Bennington's argument repeatedly that Ms. Tefft committed fraud based on Mr. Bennington's allegation that Ms. Tefft had named the incorrect plaintiff, and 2) Mr. Bennington's claim of equity skimming pursuant to Fla. Stat. § 697.08 is completely unfounded because Shapiro & Fishman did not purchase any dwellings, did not fail to make payments under a mortgage or deed of trust, and did not apply rents from such dwellings for personal use. For ease of reference, we incorporate Ms. Tefft's full response as part of Mr. Milani's response.[1] Therefore, the remainder of this response is directed to the new aspects of Mr. Bennington's allegations of misconduct against Mr. Milani.

---

[1] Enclosed with this response is a true and correct copy of the response served by Ms. Tefft on October 25, 2011.



MERITAS
LAW FIRMS WORLDWIDE

MIAMI OFFICE: Miami Center, Suite 1000
201 South Biscayne Boulevard • Miami, Florida 33131
305.373.4000 • Broward 954.523.4297 • Fax 305.373.4099
E-Mail: info@richmangreer.com

WEST PALM BEACH OFFICE: One Clearlake Centre, Suite 1504
250 Australian Avenue, South • West Palm Beach, Florida 33401
561.803.3500 • Fax 561.820.1608
www.richmangreer.com