UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALE E. BENNINGTON,

    Plaintiff,

v.                                                                      Case No. 8:12-CV-323-T-35AEP

LAW FIRM OF SHAPIRO AND FISHMAN,
FARZAD M. MILANI, JILLIAN TEFFT, and
RICHMAN GREER,

    Defendants.
                                           /

**REPORT AND RECOMMENDATION**

      This matter comes before the Court on the *pro se* Plaintiff's Complaint (Dkt. No. 1) and Affidavit of Indegency (Dkt. No. 2), which the Court construes as a motion for leave to proceed *in forma pauperis*. The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. §1915(a)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. FBI*, 405 Fed. App'x 386, 387 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts as plead fail to state a claim for relief that is "plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). In reviewing the Complaint, the Court holds *pro se* pleadings to a less stringent standard and, therefore, construes the Complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'" (citation omitted)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant laws and rules of court, including the Federal Rules of Civil Procedure.").

Here, Plaintiff's Complaint suffers from various deficiencies. To begin, the Complaint fails to conform with Federal Rule of Civil Procedure 10, which requires Plaintiff state his claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Most notably, Plaintiff fails to set forth "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," or "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). Indeed, Plaintiff's Complaint consists of a letter which does not clearly set forth any ascertainable

legal claims. Essentially, Plaintiff filed this action as a "[p]etition to prosecute [sic] law Firm of Shapiro and Fishman which will be Defendants in case of fraud[,] malpractice, conspiracy to commit fraud and equity skimming in case number 2008-ca-000689 filed in the Fifth District Courts [of] Hernando County[,] Florida" (Dkt. No. 1). Plaintiff seeks to file suit, subsequent to initiating Florida Bar grievance proceedings, against the law firm and attorneys who represented the bank in state foreclosure proceedings in which Plaintiff's property was foreclosed upon and sold. From the minimal information provided, the Court cannot ascertain what federal claims Plaintiff seeks to assert and therefore cannot identify any basis for federal jurisdiction based upon Plaintiff's assertions.[1] Accordingly, and after due consideration, it is **RECOMMENDED** that Plaintiff's construed motion for leave to proceed *in forma pauperis* (Dkt. No. 2) be **DENIED** and Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED**.

**IT IS SO REPORTED** in Tampa, Florida, this 17th day of February, 2012.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

---

[1] As the Complaint and its attachments indicate, diversity of citizenship does not exist between Plaintiff and Defendants given that Plaintiff resides in Spring Hill, Florida (Dkt. No. 1 at 1) and the law firm and its attorneys are located in Tampa, Florida (*see, e.g., id.* at 3, 20). As such, Plaintiff cannot establish federal jurisdiction pursuant to 28 U.S.C. § 1332.

3

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*


Copies furnished to:
Hon. Mary S. Scriven
Plaintiff, *pro se*